22-1445 Momin v. Quantierra Advisors, LLC I'm sorry, I should at least give you 30 seconds to start before I interrupt. But tell me a little, even how to pronounce her name. Sherazad? Sherazad Momin. Sherazad. The second part is easy. But I found it kind of troubling, I guess, that she dies and we don't know. She's there, she's working, she's got these legal problems. And then all of a sudden she disappears. And it's almost nothing. I think I read somewhere about that. I'm sorry, I could hardly hear you. I'm sorry. That's never been my problem. Something about New York Presbyterian Hospital. And that's all. Can you give me a little background on what happened? Because it happened all of a sudden. And our first question, at least here, is why all that time before somebody says, by the way, the plaintiff or appellate in this case is dead? Well, I'm not sure what your question is. Why did you take so long to inform either the district court or us that the plaintiff had died? And what are briefly the background of her death? Okay, well, I don't really want to get too much into the background of her death because a lot of that still is protected. And I don't want to say something that hasn't been placed on the record yet. Because there has been no discovery on this case. This case has only been filed as far as a complaint and a motion to dismiss. I'm afraid the allegations that I would make referencing her death is not a part of the record. I can understand that, and we're not in a position for you to say what you have to, certainly not. But understand that that makes it a little difficult for us to try to put into context the notion that months, excuse me, that months went by and the plaintiff and then the appellate was dead. And nobody told it to anybody's attention, is what I'm saying. Correct. So following the allegations of this complaint, the allegations in this lawsuit go far beyond just effortless allegations. Included in this case is also allegations of sexual harassment, as well as discrimination on the basis of disability, as well as retaliation. During the course of Ms. Momin's employment with defendants, she was sexually harassed by a higher authority in her employment. I believe he was the chief executive officer. She immediately made a complaint to her employer regarding the sexual harassment that she was enduring. Subsequent to that, the employer did conduct an investigation. They hired a third party human resources company to investigate her allegations of sexual harassment. While the investigation was ongoing, Ms. Momin continued to work. She worked from home, like she's done many times, and many of the other shareholders and other employees had worked from home. Following the investigation of the sexual harassment complaint, her allegations were substantiated by this third party company. However, after the sexual harassment allegations, that's when defendants began a campaign of retaliation. And that's where the FLSA comes in. In retaliation for her filing this complaint of discrimination, defendants then failed to pay Ms. Momin for her work. What's the evidence of it being retaliation? I'm sorry. What's the evidence of it being retaliation? You say that. Maybe it was. Yes, Your Honor. The retaliation, the main evidence is the temporal proximity. The day that the investigation was completed, they stopped paying her immediately after that. So once she received the conclusion of the investigation, that's when defendants stopped paying her, immediately after. They never paid her after the conclusion of the sexual harassment investigation. I don't mean to cut you off, Ms. Maldonado, and maybe you're getting to a time that's, of course, limited. I can't tell if you're getting to when you became aware of your client's death and why, at that time, and certainly by the time Judge Kodal ordered you to inform this court of her death. I mean, the rules require that. I just need to understand, not what happened to your client, but why. I forgot. Why? Correct. So I'm sorry. I wanted to give that background because following all that, that's when she was in and out of hospital. So she was in and out of hospitals following the retaliation for- I don't know about my colleagues, but I noticed that she had been to a hospital. I didn't know she had been in and out of a hospital. Well, because of the procedural posture of the case, I was limited in the record because there has been no discovery.  I'm sorry? You don't need discovery until when your client died, do you? Well, yes, because the reason why she died was because there's issues of suicide relating to the emotional distress she endured after the sexual harassment and the retaliation from defendants. So it is all related. That caused you not to file a notice of death? Right. So she passed away in November of 2022. During that time, we were briefing the motion to dismiss. Right. At that time, I spoke with her mother, Rubina Momin, and I had indicated to her that for us to proceed with this case, this is what we need to do. You need to establish the estate, establish becoming the administrator. So you knew she had died at that point? At that point. I learned in December of 2022, correct? So you were just talking about November, weren't you? She died in November, but I didn't learn until December. And so when you didn't file a notice of death at that point? Well, at that point, I was waiting for her to set up the estate, so that way when the suggestion of death would have been filed, then everything would have been filed. So let's move forward to the post-Judge Kotel's order. And you're before this court with somebody who's died on the notice of appeal. You file a brief. At that point, why, at the very least, why didn't you inform this court that the appellant had died? Right. So we informed the court when I filed my motion, and that motion was filed prior to my filing my reply brief, but after. But why were you waiting? Well, because I was waiting for everything to get set up, so everything could be set up just straight. The mother wasn't yet the administrator of the estate? Is that what you're saying? Well, she didn't become the administrator of the estate, I believe, until June. June. And then June of 2023, I believe. Yes, June of 2023. So then that's. It's not yet happened. I'm sorry. Yes, you're right. It was June of 2022. I'm sorry, she passed. So your client died in November of 21, yes? Yes, I'm sorry, yes. Okay. And then Judge Kodal ordered you in June of 22, I believe, to file something. In July. He said to advise the court. And you did nothing, right? Well, then I did advise the court. When? When I filed the motion. I mean, I notified the district court because I filed a letter so Judge Kodal knew about it. The letter said what? Letting him know that at that point that we were setting up. That is not on the docket. Do you have a docket number or a date for that letter? Yes. All we're told is that at some point Judge Kodal became aware and then issued his order. And there's nothing to indicate how he became aware. And then I still want a response to the basic question. Why? Just why? Why? Yes, you did it later. Why didn't you do it at the time? And it's important because what you're saying, because it seems like what you're saying is, everything hadn't settled yet around who was the administrator of Ms. Momin's, your original client, estate. Am I hearing that right? Right. I had given Ms. Robina Momin, which is her mother, the steps in establishing the estate. I assisted her in finding counsel for that. She retained counsel. She then filed her case with the surrogate's court. And then she successfully became the administrator of her estate. Again, I'm puzzled. You mentioned, because I pushed it, but you mentioned that harassment, in your view, led in some way, led to the troubles that the young woman had. My question, a simple question, is there a lawsuit in which you or somebody on behalf of either, on behalf of the estate, has attempted to bring a lawsuit against them for having caused her death? I'm sorry? Has anybody brought any legal proceeding, attempting, alleging that there was a link between the harassment by the defendants and the death of Ms. Momin? Is there any lawsuit that tries to do that? No, I mean, at this point, we're just proceeding with Ms. Momin's right through her estate. Right? So, it's only on behalf of, it's the, so the case will move forward with the administrator as plaintiff and on behalf of Ms., on Sherazade Momin. And I do remember now that on July 7th, Judge Codal filed an order directing the Plaintiff's Counsel to advise the court whether the plaintiff was deceased. On July 12th, 2022, in compliance with Judge Codal's order, I filed a letter informing the court in or around mid-December 2021, this office first learned that Ms. Momin passed away. By that time, defendants filed their motion to dismiss, pursuant to 12B6, and plaintiff filed her opposition. On December 15th, 2021, former Defendant's Counsel, Aaron Warshaw, called and spoke with myself regarding Ms. Momin's passing. At that time, our office informed Mr. Warshaw that Ms. Momin's mother, Ms. Rubina Momin, would be establishing an estate on behalf of her daughter and seeking to be named administrator. We further informed Mr. Warshaw that our office represents Ms. Rubina Momin and would move this court, pursuant to Federal Rule Civil Procedure 25, to substitute Ms. Rubina Momin as plaintiff in this matter. As a result of our call, Mr. Warshaw requested an extension of time to file and eventually filed his reply to plaintiff's opposition. That was filed with the District Court on July 12th, 2022. Right, so there's two things about that. One, you only told Judge Kodal about your client's death after he asked. What you said a minute ago, and I said there's no letter indicating that, it made it sound like you took the step to inform the District Court. You didn't until he asked, correct? Correct. Do you know how he knew before that? I don't know. I don't know how he learned before that. And then you said at that time you would inform the Circuit Court, but you didn't until much, much later. And I'm going to ask again because I haven't gotten an answer. Why not? Well, that's what I'm saying. So I just wanted to file everything just to go ahead and file it. I didn't think that there was no – I wasn't under the impression that I was under an order to file anything immediately. The rules are clear that defendants could file a suggestion of death or the plaintiff can file the suggestion of death. Defendants knew of the death of the plaintiff at the same time I knew of it, and they didn't file a suggestion of death. But you're pursuing appeal on behalf of someone who had died, right, at that time. The notice of appeal indicated a person who had died. So before this Court, there's no party. Well, the rules allow the decedent's attorney to file the timely notice of appeal. Right, but you didn't do that. You didn't file it on behalf of Robina Mullen. And this is the question that's before us, but my question to you is why. What was causing the delay? Because without knowing, it raises questions about whether you had authority to do it. I don't think that it raises any question as to my authority in filing the notice of appeal. At that point, when the notice of appeal was filed – Who authorized you to file the notice of appeal? Ms. Robina Mullen. I was representing her as of July. That's why I did not want to formally represent her on this matter until she set up the estate. And so when she set up the estate, became the administrator in June – And when did that happen? That was in June. June of 2023. Oh, 22. Okay, right, because 2023 wasn't happening yet. We keep jumping through time and space, among other things. I think groundhogs that they just passed. Judge Brown, did you have a question? Thank you. All right, you've reserved some time, and maybe we can potentially address the merits when you come back. Thank you. Mr. Citron, do you know what happened here? Your Honor, my knowledge is somewhat limited in that a lot of these events, as you heard Appellant's counsel refer to, those events included some conversations with a former colleague of mine, Aaron Warshaw, who is counsel of record as of the time of the death. And I believe he departed my firm shortly before Appellant filed the notice of appeal. I've tried to do some due diligence on my end with respect to two of the questions you raised during Appellant's argument. One, we've been unable to determine how Judge Koval received notice that the appellant had died, which prompted his request that Appellant's counsel confirm via letter whether or not the appellant had died and a few other related details. That's the first piece I don't know. The second piece I don't know is I'm unaware of any circumstances about Appellant's death. So I'm somewhat in the dark with respect to some of those facts. However, I don't think that my ignorance of those facts affects the issues now before the court. First, Appellant's violation of federal rule of Appellant Procedure 43. I understand that you may be right as a matter of legal principle, but what we're doing here is trying to figure out what happened then, to figure out what happened. And the details, sometimes not technically relevant, help. I know an awful lot more about the circumstances underlying this case, having heard you say that you would tell us why you can't tell us what happened. It's helpful. The more we know, the better position we are to put this all into perspective and figure out what we're supposed to do. Understood, Your Honor. It may be helpful if we run through the chronology again, because I think it was a little muddled, perhaps, during the prior session. So on November 19th, 2021, Appellant dies. On November 22nd, 2021, defendants file their motion to dismiss the second amended complaint. That motion is entirely briefed following the Appellant's death. Appellant's counsel noted that in mid-December, she had a conversation with my former colleague, Aaron Warshaw, wherein they discussed the death of the appellant. On June 3rd, 2022, Judge Caldwell issues his memorandum in order dismissing then-plaintiff's FLSA claim. I'm sorry, Your Honor? Repeat the date. Sure. June 3rd, 2022. So now we're about seven months, seven, eight months following the death of decedent. Judge Caldwell issues his order dismissing the FLSA claim with prejudice. On June 21st, 2022, this is going to be two weeks before we receive the notice of appeal, Rubina Momin is appointed administrator of the decedent's estate. On July 6th, 2022, two weeks later, Appellant files the notice of appeal. On July 7th, the very next day, Judge Caldwell orders Appellant's counsel to advise the court with respect to three items, whether plaintiff was deceased, the date of plaintiff's death, and whether any proceedings in the case had occurred following the death of the plaintiff. On July 12th, five days later, July 12th, 2022, Appellant's counsel files a letter in response to Judge Caldwell's order identifying the date of death and noting that we've had the briefing of the motion to dismiss following the death of the appellant. The next day, July 13th, Judge Caldwell issues a second order wherein he writes, the plaintiff's counsel should have promptly filed a suggestion of death after the plaintiff's death, which occurred while the motion to dismiss was pending in this court. The plaintiff's counsel should bring the issue of the plaintiff's death to the attention of the Court of Appeals for the Second Circuit, including the time of the plaintiff's death in relation to the proceedings before this court. Significantly, Judge Caldwell then cites Rule 43A2 of the Federal Rules of Appellant Procedure, which suggests that he recognized the violation of the rule, which Appellant's counsel's comments confirm. And that's because Rule 43A2 provides that if a party entitled to an appeal passes away before the filing of the notice of appeal, then a personal representative, if appointed, of the decedent may file the notice of appeal. In the absence of a personal representative having been appointed, then the decedent's counsel of record can file the appeal. So what this chronology establishes, and I have a few more dates that are of note for the court, but what we've established now is that two weeks prior to the filing of the notice of appeal, Rubin MoMA was appointed administrator of the decedent's estate. However, in contravention of Rule 43A2, Appellant's counsel filed the notice of appeal not on behalf of Rubin MoMA, the administrator, as is required under the rule, but in Appellant's name, who of course was deceased. That's a flagrant violation of Rule 43A2, and again, one that Judge Caldwell recognized when he cited that rule in his directive to Appellant's counsel to notify this court. Is it a flagrant violation? Of the death. Or is it just a bad housekeeping by counsel? I suppose that's for the court to decide. I mean, there's no time frame specifically in Rule 43. There's a case, I don't think the party cited it, called Servodone, S-E-R-V-I-D-O-N-E 156 F3rd 415, which notes that there's no time limit on Rule 43 substitutions. Your Honor, Rule 43A2 provides that if the prospective appellant passes away before the filing of the notice of appeal, which is what happened here, then the notice is to be filed on behalf of the administrator in the event an administrator had been appointed. An administrator had been appointed here. So we have 43A2 saying that if the notice is going to be filed, it should be filed by the administrator. Appellant has 30 days to file the notice, so there is a temporal requirement to file the notice within that 30 days. It should have been filed on behalf of the administrator. It was not. With respect to my use of the term flagrant, I would note that on September 9th, we're now two months after Judge Koldel's directive to notify this court of the appellant's passing. Appellant files the brief, her appellate brief, and her appendix. At no point does she notify the court of the death. I'll ask you, what do you think is going on? It's a great question, Your Honor. I can only speculate. Great question without anyone being able to answer it. Two things occur to me. One thing is, if appellant's counsel ascertained because of Judge Koldel's reference to 43A2 that there was a violation, appellant's counsel might not have been thrilled about bringing that violation to the attention of this court. It might have thought that because perhaps the back and forth with Judge Koldel didn't go directly to the heart of the issue she intended to argue and appeal, that she might have evaded detection of the violation of Rule 43A2. That's the scenario that occurs to me. I mean, I suppose without explanation, that's an available scenario. And I would note that again, the filing in September 9th, two months after Judge Koldel directed appellant's counsel to advise the court, she files the brief, files the appendix, no reference to the death. It's only after appellees file their response brief bringing all of this to the court's attention. When was that? That was October 14th, 2022. We raise this issue in our brief. We relate the chronology to the court. Then, on November 2nd, after we filed our response brief, but before appellant can file their reply, then appellant files the motion to be substituted as party with the Second Circuit. Notwithstanding the fact that motion is untimely, and I'll add this chronology raises another procedural violation, a rule mentioned by my adversary, which is Federal Rule of Civil Procedure 25. That rule provides that within 90 days of the filing of a suggestion of death, the litigant is to file the motion for substitution, and if the litigant fails to file the motion for substitution within the 90 days, the case should be dismissed. The suggestion of death, as appellee looks at this chronology, occurs on July 12th, 2022, when in response to Judge Cole's directive, appellant's counsel files the letter confirming the death of appellant. On October 10th, 2022, almost a month before, I'm sorry, two weeks, sorry, just days before appellees filed their motion, bringing this issue to the court for the first time, October 10th, that was the 90-day mark. That's the expiration of the period in which appellant's counsel was able to file the motion for substitution. Under Federal Rule of Civil Procedure 25, the case should be dismissed because the motion for substitution of a party is untimely. You're not familiar with the Cervidon case, are you? I apologize, Your Honor, I'm not. I mean, it's binding authority that's directly contrary to the argument that you've just made. Then I apologize for wasting the court's time with that. That said, again, as I was noting, only after appellees filed their brief did appellant finally bring this issue to the court's attention. That informs our use of the term flagrant in describing the violation of Rule 43A2. It's appellee's view that the violation of Rule 43A2 alone necessitates the dismissal of appellant's appeal. Notwithstanding that fatal procedural deficiency, Judge Kohl's order dismissing the FLSA claim with prejudice was correct, because that claim, as Judge Kohl explained in his opinion, is not an FLSA claim. It is a breach of contract claim, cloaked as an FLSA claim. Counsel, can I – I think your primary argument is essentially we don't have jurisdiction to get to that merits question. That's correct, Your Honor. If we disagree with you that it's – that we're jurisdictionally barred, I presume there's still available a path by which we can conclude that the rules violations and the Judge Kohl order violation still either preclude substitution at this time, or even if it permits substitution, would require – could allow dismissal, not as a jurisdictional matter, but as a rules-enforcing matter. We concur, Your Honor, with that premise. And notwithstanding that basis, certainly it's appellee's view that Judge Kohl correctly dismissed the FLSA claim with prejudice because of the fact that it is in actuality a breach of contract claim, not an FLSA claim. And the critical tell there is that the damages appellant seeks are not damages for unpaid minimum wages. They're damages for unpaid wages at the agreed-upon rate of $80,000 per year. And there's no other litigation involving these – this bunch of – these facts that you've been talking about. This is the only litigation that's arisen out of that. That's correct, Your Honor. Anything else? Okay. Thank you. Ms. Maldonado, you have three minutes for rebuttal. Okay. There were a few flaws in defendant's argument. First, a suggestion of death has not been filed on this case to date. The courts are very clear. A suggestion of death is a formal document. You cannot count – How does this help you? Well, because – I thought I was baffled before, and now I'm at a completely new level of bafflement. Correct. Because defense counsel indicated that I was in some sort of 90-day timeframe to file my motion to substitute. That 90-day timeframe never started running because a suggestion of death has never been filed on this case. So – and even in Judge Kotal's order, where he ordered that I notify the circuit of the death, again, did not have a timeframe in when I needed to do that. So you made a – so you saw it, but you had an evaluation of what timing would be appropriate to do that. Is that what you're saying? Yes and no. I do disagree that the mention of Ms. Momin's death was not included in the record. That's not true. If we look at the appendix that was filed, Judge Kotal's orders and my letter were clearly included as part of the appendix found at docket entries 46, 47, and 48 in appendix page 7 and 8.  It was submitted as part of the appendix. So that's what I'm saying in reference to the motion. Plaintiff was never yet under any deadline to file the motion at any point in time. I read in front – even in the case, Marionette, that defendants filed, that in that case defend – the appellant didn't file the motion until days before the oral argument. By the time I filed my motion, the oral argument hadn't even been scheduled yet. It was never my intention to hide anything. I just wanted to – Hang on. When you filed your motion, you filed your motion – I think we have the timeframe correct now. November 2nd, right? That was after they filed their brief in which they laid this all out. And then in your reply brief you say, yeah, November 2nd. That's when I was complying with Judge Kotal's order. In light of the timeframe, isn't that statement a little bit questionable? No, because I – I'm saying when I filed the motion to substitute, that was before any oral arguments were scheduled. It was before I filed my reply brief. But it was after counsel moved to dismiss the appeal on the grounds that you failed to comply with Judge Kotal's order. The argument is there in their brief, is it not? No, they never filed a motion to dismiss. You're correct. But they argue that the appeal should – has no merit because you failed to follow Judge Kotal's order, correct? But I followed Judge Kotal's order. Judge Kotal ordered me to notify the court of the death. And my argument is that I did that. Okay. If it wasn't their argument on October 14th that caused you to do it, what caused you to do it on November 2nd? Why did you do it then? That's when I felt that it was appropriate time to file it based on just getting my brief done, making sure that everything, you know, was done correctly. I don't feel that anything that – I – my filings of the motions, my filings of my briefs do not violate any federal rules, any court rules, any local rules, or any STNY order. I was never at any point put on a time frame to file this motion. There is no time frame when I must file the motion. There's not even a time frame that is – when I have to file a suggestion of death. And because I am not under any of those timelines, I felt the most important thing to do was to make sure that the administrator was set to substitute the client, file my briefs, because that – I was under a timeline. I was under 30 days to file the notice of appeal, which I did. I was under a timeline to file my briefs, and I did. Once I was able to then file and, you know, prioritize actual deadlines, then I moved on to then filing the motion where I did not – I was not – there's no rule or any order that I was under ordering me to file that motion before I did it. So on that theory, you could be here now without telling us if she had died, right? Then that would be a different argument, right? Because then at that point, I would have never then brought it up. But I made sure to do it before oral arguments were scheduled. I made sure that it was at any point. And I do want to just add that the fact is that I did not hide her death. If we look at the appendix, as I cited in the pages, it's clear that it's included as part of the appendix that I filed with the court. If we deny your motion to substitute as inexplicably delayed, do we have jurisdiction to hear your appeal? Yes. I believe the jurisdiction is – at the time that I filed the notice of appeal, I was representing at that point both Ms. Rubina Momin on behalf of her daughter, Momin, and I also represented her. But there's no way that I can say that I filed a notice of appeal without authority. And perhaps Ms. Rubina Momin can enlighten you about that because I can assure you that Ms. Rubina Momin was the one. She's watching now online, and she was the one that gave me the authority. I would not file a notice of appeal without authority. On the merits, just briefly, you're seeking damages not for unpaid minimum wage, correct? You're seeking damages for the full amount of the employment agreement? That is incorrect. The FLSA claim is a claim of minimum wage violations pursuant to the FLSA. Ms. Momin is a computer professional where she was paid on a salary basis of $80,000. So what damages are you seeking for the alleged FLSA violation? The five-week period where she was not paid. Her full salary for that five-week period? Correct. Anything else? I do like to point out that at this point where the difference between whether it's a breach of contract case and whether it is a minimum wage case, what becomes important are the United States Department of Labor regulations. Prior to 2004, the salary basis test, which is a test that defendants must prove to use the exemption, the regulations indicated that the, I guess, the query would be what. You'll have to wrap up, Counselor. You're out of time. Okay, what was agreed upon under his employment agreement. So prior to 2004, it was an issue as to what was promised on the employment agreement. The Department of Labor- Thank you, Counselor. If I may, it's just puzzling, disturbing to have what apparently was allegations of mistreatment and a great human tragedy before us as a minimum wage case. It's a little hard to take one's mind and wrap it, my mind at least, and wrap it around it. Right, but so to be exempt from the FLSA for minimum wage, the defendants have the burden to meet the salary basis test, the salary level test, and the duties test. It's a three test. We never argued the duties test. She was definitely a computer professional. I'm sorry. I meant it only to explain the problems I'm having with this. But I think you argued the merits of this three time. We've got, we've got. Yeah, I just wanted, because the 2004 amendments- Okay. Appreciate it. Thank you. Thank you to both sides. We'll take the matter under advisement.